# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **CHARLES LYONS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:24-cv-01406** |
| | ) | **Judge Aleta A. Trauger** |
| **HIRERIGHT, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>MEMORANDUM</u>

Before the court are plaintiff Charles Lyons' timely Amended Objections (Doc. No. 60) under Federal Rule of Civil Procedure 72(b)(2) to the Magistrate Judge's Report and Recommendation ("R&R") (Doc. No. 58). The R&R recommends that the Motion to Dismiss Plaintiff's Second Amended Complaint Under Rule 12(b)(6) (Doc. No. 46) filed by defendant HireRight, LLC ("HireRight") be granted and that the plaintiff's claims against HireRight under the Fair Credit Reporting Act ("FCRA") be dismissed. HireRight filed a Response in opposition to the plaintiff's Amended Objections. (Doc. No. 63.)

Under Rule 72(b)(2), the district court must review *de novo* any portion of a report and recommendation "that has been properly objected to." Fed. R. Civ. P. 72(b)(3). An objection is "properly" made if it is sufficiently specific to "enable[] the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). In conducting its review, the district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

In the thorough and thoughtful R&R, the Magistrate Judge lays out the procedural and factual history of this case, the plaintiff's claims, and the operative law. He then concludes that the plaintiff's negligence claims under 15 U.S.C. § 1681i(a) should be dismissed because (1) the plaintiff fails to plausibly allege that the defendant's consumer reports about him contain an inaccuracy; and (2) the plaintiff fails to plausibly allege any adverse employment or credit-related harm, or any other harm, arising from the alleged inaccuracy. (Doc. No. 58 at 6–8.) The R&R finds that the plaintiff's claim that HireRight willfully violated § 1681i fails because he does not allege facts establishing willfulness or recklessness. (*Id.* at 9.) Finally, the R&R recommends that the plaintiff's claim under § 1681s-2 be dismissed because that provision governs the responsibilities of furnishers of information to consumer reporting agencies, and the plaintiff does not allege that HireRight furnished information to a consumer reporting agency. Rather, HireRight is the consumer reporting agency. (*Id.* at 10.)

The plaintiff's Amended Objections do not address the recommendation that his claim under § 1681s-2 be dismissed. Regarding his claims under § 1681i, he largely reiterates the same arguments he raised in response to the defendant's Motion to Dismiss, without raising a specific objection to any portion of the R&R or pointing to any specific factual finding or legal conclusion that he contends is in error. HireRight's Response to the Amended Objections argues that, because the plaintiff has not identified any specific error in the R&R, his objections are not "properly" made under Rule 72(b) and therefore do not warrant *de novo* review. Its position is that the court only needs to review the R&R for clear error, find none, and adopt it. (Doc. No. 63 at 1.)

The court has reviewed the underlying record in its entirety and, on *de novo* review, finds that the defendant is entitled to dismissal of the FCRA claims against it as alleged in the Second Amended Complaint for the reasons set forth in the R&R.

Accordingly, the court will overrule the plaintiff's Amended Objections (Doc. No. 60), accept the R&R (Doc. No. 58) in its entirety, grant the defendant's Motion to Dismiss (Doc. No. 46), and dismiss this case with prejudice. All other pending motions will be denied as moot. An appropriate Order is filed herewith.

ALETA A. TRAUGER
United States District Judge